UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

THOMAS MILLER,

    Petitioner,

v.                                             CASE NO. 6:14-cv-53-Orl-31GJK

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.
_____/

**ORDER**

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. 1). Respondents filed a response to the petition in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases for the United States District Courts* (Doc. 15). Petitioner filed a reply (Doc. 24).

Petitioner alleges one claim for relief in his petition. For the following reasons, the petition for writ of habeas corpus is denied.

## I.     PROCEDURAL HISTORY

On July 11, 1985, in the Eighteenth Judicial Circuit Court for Seminole County, Petitioner was sentenced in case number 83-1971 to a three-year term of imprisonment on one count of attempted sexual battery (Doc. 15-3 at 21-29). Petitioner was released from prison on May 7, 1986. *Id.* at 17. Petitioner was sentenced on January 4, 1989, in state court case number 88-1547 to an eight-year term of imprisonment followed by a lifetime term of probation for one count of armed robbery. *Id.* at 32-42. Petitioner was released from

custody on February 8, 1992, to begin serving his probationary term. *Id.* at 17.

Petitioner was charged in state court case numbers 92-3453 and 92-3454. *Id.* at 54-73. Petitioner was sentenced on June 2, 1993, in case number 92-3453 to a ten-year term of imprisonment for sexual battery. *Id.* at 55-63. The trial court also sentenced Petitioner to a forty-five year term of imprisonment for sexual battery in case number 92-3454. *Id.* at 64-73. Petitioner's sentence in case number 92-3454 was later reduced to a forty-year term of imprisonment. *Id.* at 79-83. Finally, the trial court sentenced Petitioner to a four-year term of imprisonment for violating his probation in case number 88-1547. *Id.* at 43-50, 54.

The Florida Parole Commission ("the Commission") found Petitioner was eligible for conditional release in case number 92-3454, and on February 4, 2012, Petitioner was placed on conditional release supervision (Doc. Nos. 15-2 at 2-7; 15-3 at 84-90). Petitioner, however, was released to the Florida Civil Commitment Center (Doc. 15-2 at 3). Petitioner was civilly committed in October 2012. *See* Case Number 6:14-cv-326-Orl-41TBS (denying a petition for writ of habeas corpus in which Petitioner challenged his civil commitment).

On August 14, 2013, Petitioner filed a Petition for Writ of Prohibition with the Second District Court of Appeal ("Second DCA") in which he challenged the legality of his placement on conditional release supervision (Doc. 1-1). The Florida Department of Corrections ("DOC") filed a response to the petition (Doc. 15-3 at 2-15), and Petitioner filed a reply (Doc. 15-4 at 1-5). The Second DCA denied the petition without discussion (Doc. 15-5 at 2).

## II. LEGAL STANDARD

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Sec'y for Dep't of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head,* 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly,

3

habeas relief is appropriate only if that application was "objectively unreasonable." *Id*. Whether a state court's decision was an unreasonable application of law must be assessed in light of the record before the state court. *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (*per curiam*); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

### III.   ANALYSIS

Petitioner alleges that he is being unlawfully subjected to the provisions of the Conditional Release Act (Doc. 1 at 5). In support of this claim, Petitioner contends that he does not qualify for conditional release supervision (Doc. 1-1 at 5). Petitioner also asserts that his sentences expired, therefore placing him on conditional release supervision violates his right to be free from double jeopardy. *Id.* at 3, 5. Petitioner raised his claim in a petition for writ of prohibition filed with the Second DCA *Id.* at 1-6. The Second DCA denied the claim without discussion (Doc. 15-5 at 2).

Respondents contend that Petitioner's claims are purely questions of state law, and therefore, are not cognizable on federal habeas review. The Court agrees. A state's

interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved. *See McCullough v. Singletary*, 967 F.2d 530, 535 (11th Cir. 1992); *Callahan v. Campbell*, 427 F.3d 897, 932 (11th Cir. 2005) (holding that "[i]t is a fundamental principle that state courts are the final arbiters of state law, federal habeas courts should not second-guess them"). Federal courts "must defer to a state court's interpretation of its own rules of evidence and procedure." *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir. 1985) (citing *Spencer v. Texas*, 385 U.S. 648 (1967)). It is not the function of this Court to scrutinize the application of Florida sentencing law by the Florida court.

Alternatively, Petitioner is not entitled to relief on the merits of his claim. Conditional release supervision is "an additional post-prison supervision program for certain types of offenders that the Legislature determined to be in need of further supervision after release and who are entitled to accumulated gain time." *Gray v. State*, 791 So. 2d 560, 562 (Fla. 5th DCA 2001) (citing *Rivera v. Singletary*, 707 So. 2d 326, 327 (Fla. 1998)). The Conditional Release Act provides:

> Any inmate who is convicted of a crime committed on or after October 1, 1988, which crime is contained in category 1, category 2, category 3, or category 4 of Rule 3.701 and Rule 3.988, Florida Rules of Criminal Procedure, and who has served at least one prior felony commitment at a state or federal correctional institution or is sentenced as a habitual or violent habitual offender pursuant to s. 775.084 shall, upon reaching the tentative release date or provisional release date, whichever is earlier, as established by the Department of Corrections, be released under supervision subject to specified terms and conditions, including payment of the cost of supervision pursuant to s. 945.30. If an inmate has received a term of probation or community control supervision to be served after release from incarceration, the period of probation or community control

> must be substituted for the conditional release supervision. An inmate who is subject to conditional release supervision under this section shall not be subject to provisional release supervision. . . .

§ 947.1405(2), Fla. Stat. (1991). A "tentative release date" is "the date projected for a prisoner's release due to accumulated gain time." *Parole Comm'n v. Cooper*, 701 So. 2d 543, 544 (Fla. 1997) (citing § 947.005(6), Fla. Stat. (1991)).

The Commission determined that Petitioner qualified for conditional release based on case number 92-3454, the sexual battery conviction committed on September 12, 1992 (Doc. 15-3 at 18, 84). This crime, which was committed after the effective date of the Conditional Release Act, is a category two offense pursuant to Rules 3.701 and 3.988 of the Florida Rules of Criminal Procedure. *See* Fla. R. Crim. P. 3.701(c), 3.988.

Furthermore, Petitioner also previously served at least one prior felony commitment in the DOC when he served his sentence for attempted sexual battery in state court case number 83-1971. Contrary to Petitioner's arguments, a plain reading of the statute reveals that the service of the prior felony commitment need only occur prior to the crime for which he is eligible for release, and not after October 1, 1988. Therefore, pursuant to section 947.1405, Florida Statutes, Petitioner was eligible for conditional release supervision upon reaching his tentative release date.

Additionally, to the extent Petitioner argues that he had completed his sentence for case number 92-3454 when he was released, he is mistaken. On June 2, 1993, Petitioner received a forty-five year sentence for this case, later reduced to forty years, and had served almost twenty years of that sentence when he was released. The Commission

calculated that Petitioner's maximum release date, or the date his sentence expires, as September 10, 2032 (Doc. Nos. 15-2 at 2-8; 15-3 at 18). Florida courts have held that requiring an eligible prisoner to finish his or her sentence by "satisfactorily completing a period of post-prison supervision equal to the amount of gain time awarded does not violate double jeopardy." *Duncan v. Moore*, 754 So. 2d 708, 711 (Fla. 2000). Therefore, Petitioner has not demonstrated that his conditional release supervision violates double jeopardy.

The state court's denial of Petitioner's claim is not contrary to, nor did it result in an unreasonable application of, clearly established federal law. Accordingly, Petitioner's claim is denied pursuant to § 2254(d).[1]

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

## IV.  CERTIFICATE OF APPEALABILITY

This Court should grant an application for certificate of appealability only if the Petitioner "makes a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y Dep't of Corr.*,

---

[1] To the extent Petitioner argues in his reply that he is challenging his civil commitment, the Court notes that Petitioner contested his civil commitment in case number 6:14-cv-326-Orl-41TBS. Therefore, the Court will not consider any arguments related to that matter in the instant case.

568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a Petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934. However, a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

The Court concludes that Petitioner has not made the requisite showing in these circumstances. Petitioner is not entitled to a certificate of appealability.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus filed by Thomas Miller (Doc. 1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

2. Petitioner is **DENIED** a certificate of appealability.

3. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Orlando, Florida, this 8th day of October, 2015.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-3 10/8
Thomas Miller
Counsel of Record